UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ABDUL MOHAMMED,

Plaintiff,

v.

CHIEF JUDGE REBECCA PALLMEYER, CHIEF JUDGE DIANE SYKES, THOMAS BRUTON, JUDGE JORGE ALONSO, JUDGE JOHN BLAKEY, JUDGE THOMAS DURKIN, JUDGE GARY FEINERMAN, JUDGE ROBERT GETTLEMAN, JUDGE RONALD GUZMÁN, JUDGE IAIN JOHNSTON, JUDGE WILLIAM BAUER, JUDGE JOEL FLAUM, JUDGE FRANK EASTERBROOK, JUDGE KENNETH RIPPLE, JUDGE DANIEL MANION, JUDGE MICHAEL KANNE, JUDGE ILANA ROVNER, JUDGE DIANE WOOD, JUDGE DAVID HAMILTON, JUDGE MICHAEL BRENNAN, JUDGE MICHAEL SCUDDER, JR., JUDGE AMY ST. EVE, JUDGE THOMAS KIRSCH II, JUDGE CANDACE JACKSON-AKIWUMI, JUDGE MARVIN ASPEN, JUDGE ELAINE BUCKLO, JUDGE EDMOND CHANG, JUDGE SHARON COLEMAN, JUDGE ROBERT DOW JR., JUDGE SARA ELLIS, JUDGE JOAN GOTTSCHALL, JUDGE VIRGINIA KENDALL, JUDGE MATHEW KENNELLY, JUDGE JOHN KNESS, JUDGE CHARLES KOCORAS, JUDGE JOHN LEE, JUDGE JOAN LEFKOW, JUDGE HARRY LEINENWEBER, JUDGE CHARLES NORGLE, JUDGE MARTHA PACOLD, JUDGE PHILLIP REINHARD, JUDGE MARY ROWLAND, JUDGE STEVEN SEEGER, JUDGE MANISH SHAH, JUDGE JOHN THARP JR., JUDGE ANDREA WOOD, and MEMBERS OF THE EXECUTIVE COMMITTEE OF THE UNITED DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS,

Defendants.

No. 22 C 5786

Formerly No. 2022-LA- 000383
Circuit Court of Kane County, Illinois

## NOTICE OF REMOVAL

To: Clerk of the Circuit Court of Kane County
540 S. Randall Road
St. Charles, Illinois 60174

Abdul Mohammed
258 East Baily Road, Apt. C
Naperville, Illinois 60565

The United States, by its attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, submits this notice of removal of the above-captioned civil action from the Circuit Court of Kane County, Illinois, to the United States District Court, Northern District of Illinois, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2679, and in support thereof states the following:

1. On September 21, 2022, plaintiff Abdul Mohammed commenced a civil action in the Circuit Court of Kane County, Illinois, against the clerk of this court, Thomas Bruton, members of the Executive Committee of the district court, as well as against apparently every judge of the Seventh Circuit Court of Appeals and the U.S. District Court for the Northern District of Illinois (with one exception), alleging a variety of claims (including constitutional torts, conspiracy, retaliation, state tort claims, and statutory claims under Illinois's Hate Crimes Act). The state-court complaint is attached as Exhibit A.

2. This notice of removal is filed in accordance with 28 U.S.C. § 2679(d)(2) upon certification by the designee of the Attorney General of the United States that the defendant clerk and judges were acting within the scope of their federal employment at the relevant times alleged in the complaint. Exhibit B.

3. This notice of removal may be filed without bond at any time before trial. 28 U.S.C. § 2679(d)(2). Trial has not yet been had in this action.

4. Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 28 U.S.C. § 2679, this civil action is deemed an action against the United States, and the United States is substituted as the sole federal party defendant in place of the defendant judicial officers as to any state law claims asserted in the complaint.

WHEREFORE, this action now pending in the Circuit Court of Kane County, Illinois, is properly removed to this court pursuant to 28 U.S.C. § 2679(d), and the United States is substituted as the defendant in lieu of the individual judicial defendants for purposes of any common law tort claims.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Thomas P. Walsh
THOMAS P. WALSH
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5312
thomas.walsh2@usdoj.gov

# Exhibit A

Kane County Circuit Court THERESA E. BARREIRO ACCEPTED: 9/22/2022 9:28 AM By: DS Env #19593436

NOTICE
BY ORDER OF THE COURT THIS CASE IS HEREBY SET FOR CASE MANAGEMENT CONFERENCE ON THE DATE BELOW.

FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.

Judge: Busch, Kevin T

12/7/2022 9:00 AM

**IN THE CIRCUIT COURT OF KANE COUNTY, ILLINOIS**

2022-LA-000383

ABDUL MOHAMMED

PLAINTIFF

vs.

CHIEF JUDGE REBECCA PALLMEYER, CHIEF JUDGE DIANE SYKES, THOMAS BRUTON, JUDGE JORGE ALONSO, JUDGE JOHN BLAKEY, JUDGE THOMAS DURKIN, JUDGE GARY FEINERMAN, JUDGE ROBERT GETTLEMAN, JUDGE RONALD GUZMAN, JUDGE IAIN JOHNSTON, JUDGE WILLIAM BAUER, JUDGE JOEL FLAUM, JUDGE FRANK EASTERBROOK, JUDGE KENNETH RIPPLE, JUDGE DANIEL MANION, JUDGE MICHAEL KANNE, JUDGE ILANA ROVNER, JUDGE DIANE WOOD, JUDGE DAVID HAMILTON, JUDGE MICHAEL BRENNAN, JUDGE MICHAEL SCUDDER, JR., JUDGE AMY ST. EVE, JUDGE THOMAS KIRSCH II, JUDGE CANDACE JACKSON-AKIWUMI, JUDGE MARVIN ASPEN, JUDGE ELAINE BUCKLO, JUDGE EDMOND CHANG, JUDGE SHARON COLEMAN, JUDGE ROBERT DOW JR., JUDGE SARA ELLIS, JUDGE JOAN GOTTSCHALL, JUDGE VIRGINIA KENDALL, JUDGE MATHEW KENNELLY, JUDGE JOHN KNESS, JUDGE CHARLES KOCORAS, JUDGE JOHN LEE, JUDGE JOAN LEFKOW, JUDGE HARRY LEINENWEBER, JUDGE CHARLES NORGLE, JUDGE MARTHA_PACOLD, JUDGE GODFREY REINHARD, JUDGE MARY ROWLAND, JUDGE STEVEN SEEGER, JUDGE MANISH SHAH, JUDGE JOHN THARP JR. AND JUDGE ANDREA WOOD AND MEMBERS OF THE EXECUTIVE COMMITTEE OF THE UNITED DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS,

DEFENDANTS

Clerk of the Circuit Court
Kane County, Illinois
9/21/2022 8:57 PM
FILED/IMAGED

---

**VERIFIED COMPLAINT AT LAW**

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff brings this *Bivens* action for numerous violations of his constitutional rights, commission of crimes and torts against the Plaintiff, and for various violations of Federal and State Laws and Statutes by the individual Defendants.
2. Pursuant to 28 U.S. Code § 1442, this case can be filed in this court.
3. The Plaintiff is a protected person within the meaning of the Americans with Disabilities Act, the Rehabilitation Act of 1973, Section 504, the Illinois Adult Protective Services Act, and the Federal Traumatic Brain Injury Reauthorization Act of 2014.
4. Defendants other than Thomas Bruton (hereinafter Bruton) are the judges of the United States District Court for the Northern District of Illinois (hereinafter District Court) and the 7th Circuit and Defendant Bruton is the Clerk of the District Court.
5. Members of the Executive Committee of the District Court consist of unknown judges and Bruton (hereinafter Executive Committee or Members of the Executive Committee).

**BIVENS V. SIX UNKNOWN FED. NARCOTICS AGENTS, 403 U.S. 388 (1971)**

6. A Plaintiff alleging a constitutional violation by a federal actor has a right of action under *Bivens*, 403 U.S. at 397. Pursuant to *Bivens*, a Plaintiff may sue a federal officer in his or her individual capacity for damages for violation of the plaintiff's constitutional rights.

**FACTUAL BACKGROUND**

7. Since the entering of the illegal orders by the Executive Committee of the United States District Court for the Northern District of Illinois, the members of the Executive Committee, J.Jorge Alonso (hereinafter Alonso), J.Gary Feinerman (hereinafter Feinerman), Chief Judge Rebecca Pallmeyer (hereinafter Pallmeyer), J.Ronald Guzman (hereinafter Guzman), J.Robert Gettleman (hereinafter Gettleman), J. John Blakey (hereinafter Blakey), J.Iain Johnston (hereinafter Johnston), J.Thomas Durkin (hereinafter Durkin), Thomas Bruton (hereinafter Bruton), J.Frank Easterbrook (hereinafter Eaterbrook), J.Michael Kanne (hereinafter Kanne), J.Diane Wood (hereinafter Wood), J.Michael Brennan (hereinafter Brennan), J.Amy St.Eve (hereinafter St.Eve), J. Ilana Rover (hereinafter Rovner), J.Michael Scudder (hereinafter Scudder), J..David Hamilton (hereinafter Hamilton), J.William Bauer (hereinafter Bauer), J.Joel Flaum (hereinafter Flaum), J.Kenneth Ripple (hereinafter Ripple), J.Daniel Manion (hereinafter Manion), J.Thomas Kirsch II (hereinafter Kirsch), J.Candace Jackson-Akiwumi (Jackson-Akiwumi), Chief Judge Diane Sykes (hereinafter Sykes) has harassed the Plaintiff and his three minor children and retaliated against the Plaintiff and his three minor children as follows:

1) J.Feinerman ruled in *Mohammed v Bridges et.al,* Case # 19-cv-6525 (N.D.Ill) that Plaintiff's 8-year-old son's school can deprive Plaintiff's son of his lunch and one or more of the 7th Circuit judges mentioned above affirmed J.Feinerman's ruling that Plaintiff's 8-year-old son's school can deprive Plaintiff's son of his lunch;
2) Further J.Feinerman dismissed *Mohammed v Bridges et.al,* Case # 19-cv-6525 (N.D.Ill) when Plaintiff asked a question as follows:

   "Ms. Deanes,

   I have the following question for Judge Feinerman:

   How come it is OK to only ban me from dropping Lunch for my son whereas other parents can drop Lunch for their children? Please answer the above question via email either to me or to my attorney, Marco Rodriguez. Sincerely, Abdul Mohammed";
3) Further Plaintiff's 8-year-old son has been unlawfully deprived of his lunch by his school, by J.Feinerman by members of the Executive Committee, and the other judges named above;
4) Further, all the judges named above, and the members of the Executive Committee retaliated against Plaintiff and his three minor children by threatening sanctions for filing a complaint with USDOJ as described in Exhibit-1 and there is a complaint pending against the above-named judges and members of the Executive Committee as described in Exhibit-1;
5) Further, all the judges named above, and the members of the Executive Committee retaliated against the Plaintiff and his three minor children by threatening sanctions, contempt of court, jail time, and a fine of

$1000.00 for filing a complaint with Chief Judge of 7th Circuit Diane Sykes against several judges of the United States District Court for the Northern District of Illinois (hereinafter District Court), the 7th Circuit, and members of the Executive Committee and forced the Plaintiff to withdraw his complaint as described in Exhibit-1;

6) Finally, all the judges named above and the members of the Executive Committee, retaliated against the Plaintiff and his three minor children by having Plaintiff's home raided at 6:30 AM by Naperville Police and several Federal Agents and the Plaintiff was threatened by the Federal Agents for filing complaints against the judges named above and the members of the Executive Committee;

7) Further, Plaintiff was threatened by Federal Agents upon orders of the judges named above and the members of the Executive Committee, to watch out for what he files against the judges;

8) Further Federal Agents threatened Plaintiff during the raid to not make them come back again to his home and do this in front of his children;

9) Further judges named above and the members of the Executive Committee, used Plaintiff's three minor children as "human shields" to protect themselves from Plaintiff's complaints against them when they caused the Federal Agents to threaten Plaintiff "to not make them come back again and to do this in front of his children";

10) Further, the judges named above, and the members of the Executive Committee caused the raid of Federal Agents and Naperville Police upon Plaintiff's home to threaten Plaintiff with false arrest and false imprisonment if Plaintiff files any complaint against the judges named above and the members of the Executive Committee named above;

11) Further, the judges named above and the members of the Executive Committee after committing actions as described above, represent that they are impartial when they heard matters related to the Plaintiff and his three minor children which is nothing but preposterous;

12) Further, the judges named above, and the members of the Executive Committee entered orders against the Plaintiff with prejudice towards his race, color, religion, national origin, ancestry, ethnicity, disabilities, etc. and committed actions in retaliation to the Plaintiff's Federal Complaints against the judges named above including but not limited to Federal Lawsuits and complaint with USDOJ;

13) Further the members of the Executive Committee enforced a non-existing order of the 7th Circuit against the Plaintiff on September 16, 2021 (Exhibit-2).

14) Further, when Plaintiff filed a Motion to Vacate the illegal orders of the Executive Committee (Exhibit-3), members of the Executive Committee refused to rule on the Motion to Vacate the illegal orders of the Executive Committee.

15) The adverse rulings against Plaintiff by judges named above and the members of the Executive Committee are "derived from an extrajudicial source" or "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky*, 510 U.S. at 555.

16) "Findings by a trial judge unsupported by the record are evidence that the judge has relied on extrajudicial sources in making such determinations indicating personal bias and prejudice." *Peacock Records, Inc. v. Checker Records, Inc.*, 430 F.2d 85, 89 (7th Circuit. 1970).

17) All the rulings against the Plaintiff by judges named above and the members of the Executive Committee are treason, violation of oath of office, judicial trespass, and fraud upon the court because the judges named above were disqualified from hearing any matter involving the Plaintiff due to their hatred and prejudice against the Plaintiff as described in Exhibit-4.

18) Further, when Plaintiff appealed the Executive Committee's Orders, the 7th Circuit in concert with the judges named above and members of the Executive Committee unlawfully affirmed the Executive Committee's Orders without answering the questions asked by Plaintiff in his Appellant's Brief.

19) Further, Plaintiff was not provided Notice and Opportunity to be heard, Adequate Record of Review and Substantive Findings of Frivolousness and Harassment pursuant to *Ringgold-Lockhart v. County of Los Angeles*, No. 11-57231 (9th Cir. 2014), before the Executive Committee entered orders against the Plaintiff.

20) Further, the 7th Circuit remained silent on *Ringgold-Lockhart v. County of Los Angeles*, No. 11-57231 (9th Cir. 2014) when it affirmed the Executive Committees Orders against the Plaintiff.

21) Further, most of the cases filed by Plaintiff in the District Court cannot be taken into account when entering restricting orders against Plaintiff pursuant to *Goolsby v Gonzalez*, Case # 11-cv-00494-LJO-GSA-PC, (E.D.Cal).

22) Further many of the cases filed in the District Court in which the Plaintiff is involved were removed by the Defendants to the District Court from State courts and such cases can also be not taken into account when entering restricting orders against the Plaintiff pursuant to *Goolsby v Gonzalez*, Case # 11-cv-00494-LJO-GSA-PC, (E.D.Cal).

23) Further, when Plaintiff appealed the dismissal of Case # 18-cv-8393, the 7th Circuit in concert with the judges named above and members of the Executive Committee unlawfully affirmed J.Feinerman's judgment which dismissed the case as a sanction without answering Plaintiff's questions.

24) Further, Case # 20-cv-50133 was dismissed under Rule 8 without allowing the Plaintiff to amend his complaint even once after the court invoked Rule 8 violation in violation of various decisions of the 7th Circuit court and other Circuits, by J.Johnston in concert with the judges named above and the members of the Executive Committee in retaliation for his lawsuit against J.Johnston and several other judges of this court and the 7th Circuit.

25) Further, when Plaintiff unknowingly appealed an order from NLRB in the instant case, the 7th Circuit entered sanctions against Plaintiff in concert with the judges named above and members of the Executive Committee despite Plaintiff's representation to the 7th Circuit that he did not know that NLRB's Order cannot be appealed.

26) Litigiousness alone is not enough, either: "'The plaintiff's claims must not only be numerous but also be

patently without merit.'" *Molski*, 500 F.3d at 1059 (quoting *Moy*, 906 F.2d at 470).

27) Further, already a judge (J.Tharpe) of the District Court has refused to follow Executive Committee's illegal orders against the Plaintiff. Judge Tharpe has not sent *Mohammed v T-Mobile USA Inc*, Case # 21-cv-2706 (N.D.Ill) to the Executive Committee for review as he does not feel that cases that were removed by the Defendants from the State Courts to the District Court can be reviewed by the Executive Committee. Plaintiff has informed Judge Tharpe about the existence of the Executive Committee Orders against him, and Judge Tharpe has acknowledged that he is aware of the Executive Committee Orders against Plaintiff.

28) Further when J.Tharpe refused to forward *Mohammed v T-Mobile USA Inc*, Case # 21-cv-2706 (N.D.Ill) and *Mohammed v Prairie State Legal Services Inc et.al*, Case # 21-cv-4697 (N.D.Ill) to the Executive Committee, members of the Executive Committee usurped those matters from J.Tharpe.

8. Defendants were disqualified from hearing matters involving the Plaintiff due to their hatred and prejudice against the Plaintiff based on his race, color, religion, national origin, ancestry, ethnicity, disabilities, etc, hence the Defendants do not have either judicial or qualified immunity as further described in a similar case where the Plaintiff is a party (See paragraphs 36-43 of Exhibits-5).
9. On September 21, 2021, Plaintiff sued some of the above-named Defendants (*Mohammed v Bruton*, Case # 21-L-63085, Cook County Circuit Court (Exhibit-6)), and that case was removed to the United States District Court for the Northern District of Illinois (hereinafter District Court).
10. Plaintiff's several Motions are pending in the Executive Committee of the United States District Court for the Northern District of Illinois.
11. Executive Committee is refusing to rule on Plaintiff's pending Motions.
12. Further on September 2, 2021, the Supreme Court of Illinois entered an order which disqualified all the Justices of the Illinois Appellate Court, Second District (Exhibit-7) from hearing a matter concerning the Plaintiff because the Plaintiff is suing the Justices of the Illinois Appellate Court, Second District.
13. The essence of the September 2, 2021, Order of the Supreme Court of Illinois is that the judges and the justices who are Defendants in a lawsuit where the Plaintiff (Abdul Mohammed) is the Plaintiff, cannot hear any other matter involving the Plaintiff (Abdul Mohammed) as a matter of public necessity.
14. Plaintiff filed a Motion to Disqualify all the udges of the 7th Circuit pursuant to the order of the Illinois Supreme Court from hearing Appeal # 20-2419 (Exhibit-8).
15. On October 26, 2021, the Defendants J.Kanne, J.Bauer, and J.Brennan dismissed Appeal # 20-2419 in a flimsy manner in retaliation for the Plaintiff's protected activity including but not limited to lawsuits and administrative complaints against the Defendants and also dismissed the Motion to Disqualify all the judges of the 7th Circuit pursuant to the order of the Illinois Supreme Court from hearing Appeal # 20-2419.
16. All the Defendants are working in concert with each other like a well-oiled machine.
17. Defendants have not given any reason why Plaintiff's Motions pending in the Executive Committee are not being ruled upon.

18. Defendants have neither given any reason why they denied Motion to Disqualify the judges of the 7th Circuit pursuant to the order of the Illinois Supreme Court from hearing Appeal # 20-2419 nor have they given any reason why the Illinois Supreme Court Order does not apply to the 7th Circuit.
19. All the udges of the District Court and the 7th Circuit were disqualified from hearing any matter concerning the Plaintiff since the filing of the 1st Lawsuit by the Plaintiff against some of the judges of the District Court for the Northern District of Illinois and the 7th Circuit (*Mohammed v Alonso et.al,* Case # 20-cv-3482, (N.D.Ill) (Filed 06/15/2020).
20. Defendants other than Defendant Bruton, presided over several cases as judges after they were disqualified in those cases.
21. The above-named Defendants have no judicial immunity because they presided over cases in which they were disqualified and in particular in cases after the September 2, 2021, order of the Supreme Court of Illinois.
22. On November 8, 2021, the Executive Committee created a fake Order of the 7th Circuit and enforced that fake Order upon Plaintiff (Exhibit-9).
23. The Defendants are neither providing a hearing to Plaintiff while enforcing the fake 7th Circuit Order upon Plaintiff nor they are providing the copy of the so-called 7th Circuit Order which they are enforcing upon Plaintiff.
24. The above-named Defendants have no judicial immunity because they presided over cases in which they were disqualified and in particular in cases after the September 2, 2021, order of the Supreme Court of Illinois.
25. Defendants cannot act as judges in their own cases and members of the Executive Committee of the District Court did exactly do that and dismissed several lawsuits previously in a summary manner.
26. Further, Plaintiff filed a complaint against some of the Defendants with Administrative Office of the United States Courts on March 4, 2022, but Administrative Office of the United States Courts has refused to take any actions against the Defendants.
27. Further, Plaintiff's residence and real property was criminally trespassed, Plaintiff and his three minor children were kidnapped, and attempts were made to murder the Plaintiff due to the actions of the Defendants as described in Exhibit-10.
28. Further, the Defendants have aided, abetted and comforted the individuals who criminally trespassed Plaintiff's residence and real property, kidnapped Plaintiff and his three minor children and attempted to murder the Plaintiff as described in Exhibit-10.
29. Further, as information and belief, Sykes informed Kirsch to dismiss Plaintiff's complaint for judicial misconduct and Kirsch dismissed Plaintiff's complaint in a flimsy manner where he intentionally did not address 99% of the allegations in the complaint for judicial misconduct (Exhibit-11).
30. J. Marvin Aspen, J.Elaine Bucklo, J.Edmond Chang, J.Sharon Coleman, J.Robert Dow Jr., J.Sara Ellis, J.Joan Gottschall, J. Virginia Kendall, J.Mathew Kennelly, J.John Kness, J.Charles Kocoras, J.John Lee, J.Joan Lefkow, J.Harry Leinenweber, J.Charles Norgle, J.Martha Pacold, J.Godfrey Reinhard, J.Mary Rowland, J.Steven Seeger, J. Manish Shah, J.John Tharp Jr. and J.Andrea Wood are only being sued in this case because they had taken no action

against the other judges' misconduct when they have an obligation to report misconduct of other judges to the disciplinary authority. Only judge who is not being sued in this case is J.Franklin Valderrama as he is a very new judge in United States District Court for the Northern District of Illinois and he is a very honest judge and Plaintiff thinks he will not come or act under the influence of Pallmeyer and Sykes. Even though J.Valderrama had once dismissed Plaintiff's case in Cook County Circuit Court, Plaintiff believes J.Valderrama is a very upright and honest judge.

31. Further, independent of the September 2, 2021 order of the Supreme Court of Illinois order (Exhibit-7), the Defendant judges were also disqualified to hear any of the Plaintiff's cases or to enter any kind of order against the Plaintiff including but not limited to orders by the Executive Committee due to their actions as described above including but not limited to criminal trespass of the Plaintiff's residence and real property, kidnapping of the Plaintiff and his three minor children, attempts to murder the Plaintiff; aiding, abetting and comforting the individuals who criminally trespassed Plaintiff's residence and real property, kidnapped Plaintiff and his three minor children and attempts to murder the Plaintiff as described in Exhibit-10 and for sending United States Marshalls to the Plaintiff's home on October 1, 2022 at 6:30 AM to threaten the Plaintiff and his three minor children.

32. The constitution was not created by cowards (Defendants) and the cowards will not preserve and or protect it. Plaintiff would like to briefly discuss about justice and injustice and the difference between the two of those cowards who hide behind the false bravado of authority, of power, of hate, of bigotry, of untruths, and there to call it justice. The cowards' biggest success is recasting injustice as justice. Cowards claim that they are wedded to justice, oath of office, and the constitution but cowards muscle out the minorities, the Muslims, the African Americans, the Hispanics, the Native Americans, the Pacific Islanders, the Asians, the weak, the unfortunate, the poor, the downtrodden, the disabled, etc. at every available opportunity. Cowards' actions have firmly established their motto of brutality over morality. Cowards in true fascist fashion have made every act of pettiness, of vengeance, of hate, and of bigotry a part of their narrative of justice. Cowards are only brave when armed with power and authority and the truly brave can fight (by peacefully protesting, by dissenting, by seeking redress in a court of law, and by various other peaceful options) even when unarmed in a peaceful manner. What cowards are doing is not bravery but truly braves are the ones who come to this court holding nothing but a belief that their cause is just, and they stand in this court alone most of the time without an attorney against seasoned and professional defense attorneys. The conduct of the cowards is used to heckle, to harass, to threaten, to bully, and to always, always, remind this Plaintiff and his three minor children and other similarly situated people about "who is in charge?" and then the cowards sit back and smirk at their conduct and then the cowards also have the audacity to say that they will not resign from their positions. Further, the above-named Defendant judges have collected illegal funds from Plaintiff under the color of law even after they were disqualified as judges, and they are further attempting to collect illegal funds from Plaintiff which amounts to extortion and interference in interstate commerce. It is further can be analyzed that many of the Judges who are Defendants, in this case, have lost their mental balance after Judge Barrett was promoted to be the Justice of the Supreme Court of the United States in frustration that a very junior Judge such as Judge Barrett was promoted to be

justice of the Supreme Court of the United States whereas a judge such as J.Easterbrook is slogging as the Judge of the 7th Circuit since last 37 years.

**COUNT-1**

**VIOLATION OF REHABILITATION ACT OF 1973, SECTION 504**

**(ALL DEFENDANTS)**

33. Plaintiff incorporates by reference herein all preceding and succeeding paragraphs as if fully set forth herein.
34. Defendants violated section 504 of the Rehabilitation Act of 1973 by retaliating against the Plaintiff for his protected activity including but not limited to claims arising from his disabilities and claims arising under 504 of the Rehabilitation Act of 1973 when they committed actions as described in paragraphs 1-32.
35. Defendants' actions as described under this count have caused irreparable physical and mental injuries to Plaintiff, Defendants' actions as described above will proximately cause immediate and further irreparable harm to Plaintiff.

**COUNT-2**

**VIOLATION OF FIRST AMENDMENT RIGHT TO PETITION THE GOVERNMENT PURSUANT PURSUANT TO BIVENS, 403 U.S. AT 397**

**(ALL DEFENDANTS)**

36. Plaintiff incorporates by reference herein all preceding and succeeding paragraphs as if fully set forth herein.
37. Defendants' illegal actions as described above in paragraphs 1-32 deprived Plaintiff of his constitutional right to petition the government pursuant to the 1st Amendment of the Constitution of the United States.
38. Defendants' actions as described under this count have caused irreparable physical and mental injuries to Plaintiff, Defendants' actions as described above will proximately cause immediate and further irreparable harm to Plaintiff.

**COUNT-3**

**VIOLATION OF THE FOURTEENTH AMENDMENT RIGHT TO AN IMPARTIAL JUDGE PURSUANT TO BIVENS, 403 U.S. AT 397**

**(ALL DEFENDANTS)**

39. Plaintiff incorporates by reference herein all preceding and succeeding paragraphs as if fully set forth herein.
40. Defendants' illegal actions as described above in paragraphs 1-32 make it crystal clear that they were not impartial judges and by not being impartial judges the Defendants deprived the Plaintiff of his constitutional right to an impartial judge pursuant to the 14th Amendment of the Constitution of the United States.
41. Defendants' actions as described under this count have caused irreparable physical and mental injuries to Plaintiff, Defendants' actions as described above will proximately cause immediate and further irreparable harm to Plaintiff.

**COUNT-4**

**VIOLATION OF THE FOURTEENTH AMENDMENT RIGHT TO A FAIR TRIAL PURSUANT TO BIVENS, 403 U.S. AT 397**

**(ALL DEFENDANTS)**

42. Plaintiff incorporates by reference herein all preceding and succeeding paragraphs as if fully set forth herein.

43. Defendants' illegal actions as described above in paragraphs 1-32 make it crystal clear that the judges who are Defendants in this case and by not being impartial judges the Defendants deprived the Plaintiff of his constitutional right to an impartial judge pursuant to the 14th Amendment of the Constitution of the United States.

44. Defendants' actions as described under this count have caused irreparable physical and mental injuries to Plaintiff, Defendants' actions as described above will proximately cause immediate and further irreparable harm to Plaintiff.

**COUNT-5**

**VIOLATION OF FOURTEENTH AMENDMENT RIGHT FOR MALICIOUS PROSECUTION PURSUANT TO BIVENS, 403 U.S. AT 397**

**(ALL DEFENDANTS)**

45. Plaintiff incorporates by reference herein all preceding and succeeding paragraphs as if fully set forth herein.

46. Defendants' illegal actions as described above in paragraphs 1-32 was malicious prosecution pursuant to the 14th Amendment of the Constitution of the United States.

47. Defendants' actions as described under this count have caused irreparable physical and mental injuries to Plaintiff, Defendants' actions as described above will proximately cause immediate and further irreparable harm to Plaintiff.

**COUNT-6**

**VIOLATION OF FOURTEENTH AMENDMENT RIGHT FOR DEPRIVATION OF ACCESS OF COURTS PURSUANT TO BIVENS, 403 U.S. AT 397**

**(ALL DEFENDANTS)**

48. Plaintiff incorporates by reference herein all preceding and succeeding paragraphs as if fully set forth herein.

49. Defendants' illegal actions as described above in paragraphs 1-32 deprived Plaintiff of his constitutional right of access to the courts pursuant to the 14th Amendment of the Constitution of the United States.

50. Defendants' actions as described under this count have caused irreparable physical and mental injuries to Plaintiff, Defendants' actions as described above will proximately cause immediate and further irreparable harm to Plaintiff.

**COUNT-7**

**VIOLATION OF FOURTEENTH AMENDMENT RIGHT FOR SUBSTANTIVE DUE PROCESS (SHOCK THE CONSCIENCE)**

**PURSUANT TO BIVENS, 403 U.S. AT 397**

**(ALL DEFENDANTS)**

51. Plaintiff incorporates by reference herein all preceding and succeeding paragraphs as if fully set forth herein.

52. Defendants' illegal actions as described above in paragraphs 1-32 were committed to cause harm to Plaintiff in a manner shocking to the conscience.

53. Substantive Due Process Violation claim under Fourteenth Amendment pursuant to *Bivens,* 403 U.S. at 397 is recognized when any person acting under the color of any statute, ordinance, or regulation, deprives any citizen of the United States of any rights, privileges, or immunities secured by the constitution and laws.

54. Defendants' illegal actions as described above in paragraphs 1-32 are violations of the rights, privileges, and immunities of the Plaintiff, secured by the constitution and laws as described in this complaint and as described under this count. Defendants deprived Plaintiff of his rights, privileges, and immunities secured by the constitution and laws under the color of various laws and statutes.

55. Defendants' actions as described under this count have caused irreparable physical and mental injuries to Plaintiff, Defendants' actions as described above will proximately cause immediate and further irreparable harm to Plaintiff.

**COUNT-8**

**VIOLATION OF FOURTEENTH AMENDMENT RIGHT FOR SUBSTANTIVE DUE PROCESS PURSUANT TO BIVENS, 403 U.S. AT 397**

**(ALL DEFENDANTS)**

56. Plaintiff incorporates by reference herein all preceding and succeeding paragraphs as if fully set forth herein.

57. The Defendants' illegal actions as described above in paragraphs 1-32 are Substantive Due Process violations.

58. Substantive Due Process Violation claim under Fourteenth Amendment pursuant to *Bivens,* 403 U.S. at 397 is recognized when any person acting under the color of any statute, ordinance, or regulation, deprives any citizen of the United States of any rights, privileges, or immunities secured by the constitution and laws.

59. Defendants' illegal actions as described above in paragraphs 1-32 are violations of the rights, privileges, and immunities of the Plaintiff, secured by the constitution and laws as described in this complaint and as described under this count. Defendants deprived Plaintiff of his rights, privileges, and immunities secured by the constitution and laws under the color of various laws and statutes.

60. Defendants' actions as described under this count have caused irreparable physical and mental injuries to Plaintiff, Defendants' actions as described above will proximately cause immediate and further irreparable harm to Plaintiff.

**COUNT-9**

**CLASS-OF-ONE CLAIM EQUAL PROTECTION VIOLATION PURSUANT TO BIVENS, 403 U.S. AT 397**

**(ALL DEFENDANTS)**

61. Plaintiff incorporates by reference herein all preceding and succeeding paragraphs as if fully set forth herein.

62. Defendants' actions as described above and specifically described in paragraphs 1-32 also constitute a class-of-one action asserted under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

63. A class-of-one action asserted under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983 is recognized where a plaintiff alleges that (s)he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

64. Defendants' actions as described under this count have caused irreparable physical and mental injuries to Plaintiff, Defendants' actions as described above will proximately cause immediate and further irreparable harm to Plaintiff.

**COUNT-10**

**(CONSPIRACY PURSUANT TO BIVENS, 403 U.S. AT 397)**

**(ALL DEFENDANTS)**

65. Plaintiff incorporates by reference herein all preceding and succeeding paragraphs as if fully set forth herein.

66. In a manner more fully set forth above, Defendants together reached an understanding, engaged in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves for the purpose of depriving Plaintiff of his constitutional rights and to accomplish an unlawful purpose by unlawful means as described in this complaint and as described in every individual count.

67. In furtherance of this conspiracy or conspiracies, Defendants, acting in concert with each other, committed the overt acts as described in this complaint.

68. Said conspiracy or conspiracies and overt acts continue to the present date.

69. The misconduct described in this count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

70. Defendants' actions as described under this count have caused irreparable physical and mental injuries to Plaintiff, Defendants' actions as described above will proximately cause immediate and further irreparable harm to Plaintiff.

**COUNT-11**

**CONSPIRACY (ILLINOIS STATE LAW)**

**(ALL DEFENDANTS)**

71. Plaintiff incorporates by reference herein all preceding and succeeding paragraphs as if fully set forth herein.

72. In a manner more fully set forth above, Defendants together reached an understanding, engaged in a course of conduct, and otherwise jointly acted and/or conspired among and between themselves for the purpose of depriving Plaintiff of his Constitutional rights, to commit other violations as described in this complaint and to accomplish an unlawful purpose by unlawful means as described in this complaint and as described in every individual count.

73. In furtherance of this conspiracy or conspiracies, Defendants, acting in concert with each other, committed the overt acts as described in this complaint.

74. Said conspiracy or conspiracies and overt acts were continued from on or about November of 2018, through to the present date.

75. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

76. Defendants' actions as described under this count have caused irreparable physical and mental injuries to Plaintiff, Defendants' actions as described above will proximately cause immediate and further irreparable harm to Plaintiff.

**COUNT-12**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (ILLINOIS STATE LAW)**

**(ALL DEFENDANTS)**

77. Plaintiff incorporates by reference herein all preceding and succeeding paragraphs as if fully set forth herein.

78. In a manner more fully set forth above, the acts and conduct of the Defendants were extreme and outrageous. Defendants intended to cause extreme intentional emotional distress to Plaintiff or were in reckless disregard of the probability that their conduct would cause severe emotional distress to Plaintiff.

79. Said actions were undertaken with malice, willfulness, and with reckless indifference to the rights of Plaintiff.

80. As a direct and proximate result of Defendants' wrongful acts, Plaintiff suffered damages, and physical and mental injuries including but not limited to severe emotional distress and anguish.

**COUNT-13**

**RETALIATION PURSUANT TO BIVENS, 403 U.S. AT 397**

**(ALL DEFENDANTS)**

81. Plaintiff incorporates by reference herein all preceding and succeeding paragraphs as if fully set forth herein.

82. All actions by Defendants as described under this complaint were also in retaliation against Plaintiff for his protected activity including but not limited to the Federal Lawsuit against some of the Defendants and complaint with USDOJ against all the Defendants.

83. Defendants' actions as described under this count have caused irreparable physical and mental injuries to Plaintiff, Defendants' actions as described above will proximately cause immediate and further irreparable harm to Plaintiff.

**COUNT-14**

**VIOLATION OF HATE CRIMES ACT OF ILLINOIS**

**(ALL DEFENDANTS)**

84. Plaintiff incorporates by reference herein all preceding and succeeding paragraphs as if fully set forth herein.

85. Defendants' actions as described above and specifically described in paragraphs 1-32 were due to their prejudice towards Plaintiff's race, color, religion, national origin, ancestry, ethnicity, disabilities, and when the Defendants threatened Plaintiff with a monetary fine of $5000.00, and further restrictions in his ability to access courts in retaliation to the Plaintiff's protected activity as described above, the Defendants committed intimidation and disorderly conduct against the Plaintiff due to their prejudice towards Plaintiff's race, color, religion, national origin, ancestry, ethnicity, disabilities which is a violation of Illinois Hate Crimes Act because intimidation is a predicate of the Hate Crimes Act of Illinois.

86. Defendants' actions as described under this count have caused irreparable physical and mental injuries to Plaintiff, Defendants' actions as described above will proximately cause immediate and further irreparable harm to Plaintiff.

**RELIEF REQUESTED**

PLAINTIFF requests that:

A. The court enter an order declaring that Defendants violated Section 504 of the Rehabilitation Act of 1973, 1st 5th, and 14th Amendments of the United States Constitution as alleged above;

B. The court enter an order declaring that Defendants committed threats of false criminal charges, false arrest, false imprisonment, and committed disorderly conduct upon the Plaintiff as alleged above;

C. The court enter an order declaring that the Defendants committed hate crimes upon the Plaintiff;

D. The court award Plaintiff compensatory damages in excess of $1000,000,00 for each count;

E. The court award Plaintiff punitive damages in excess of $1000,000.00 for each count;

F. The court enter an order that the Defendants immediately cease all the violations against the Plaintiff as alleged above;

G. The court award Plaintiff his attorney fees and costs; and

H. The court enter an order granting any other relief as it deems equitable and just.

Date-: September 21, 2022

Respectfully Submitted,
/s/Abdul Mohammed

VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Date-: September 21, 2022

/s/ Abdul Mohammed,
258 East Bailey Rd., Apt. C
Naperville, IL 60565
Ph.630-854-5345

# Exhibit B

**CERTIFICATION**

Pursuant to the provisions of 28 U.S.C. § 2679, as amended, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Abdul Mohammed v. Chief Judge Rebecca Pallmeyer, et al.*, No. 2022-LA-000383 (Circuit Court of Kane County, Ill.), and that on the basis of the information now available with respect to the incidents referred to therein, I certify that Chief Judge Rebecca Pallmeyer, Chief Judge Diane Sykes, Thomas Bruton, Judge Jorge Alonso, Judge John Blakey, Judge Thomas Durkin, Judge Gary Feinerman, Judge Robert Gettleman, Judge Ronald Guzmán, Judge Iain Johnston, Judge William Bauer, Judge Joel Flaum, Judge Frank Easterbrook, Judge Kenneth Ripple, Judge Daniel Manion, Judge Michael Kanne, Judge Ilana Rovner, Judge Diane Wood, Judge David Hamilton, Judge Michael Brennan, Judge Michael Scudder, Jr., Judge Amy St. Eve, Judge Thomas Kirsch II, Judge Candace Jackson-Akiwumi, Judge Marvin Aspen, Judge Elaine Bucklo, Judge Edmond Chang, Judge Sharon Coleman, Judge Robert Dow, Jr., Judge Sara Ellis, Judge Joan Gottschall, Judge Virginia Kendall, Judge Mathew Kennelly, Judge John Kness, Judge Charles Kocoras, Judge John Lee, Judge Joan Lefkow, Judge Harry Leinenweber, Judge Charles Norgle, Judge Martha Pacold, Judge Phillip Reinhard, Judge Mary Rowland, Judge Steven Seeger, Judge Manish Shah, Judge John Tharp, Jr., and Judge Andrea Wood, were acting within the scope of their employment as employees of the United States at the time of the incidents out of which the claim arose.

s/ Thomas P. Walsh
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
for the Northern District of Illinois

Date: October 17, 2022

**Certificate of Service**

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

NOTICE OF REMOVAL

will be promptly e-filed in the Circuit Court of Kane County, Illinois, and served pursuant to the district court's ECF system as to ECF filers in this court, if any, and will be sent by first-class mail on October 21, 2022, to the following non-ECF filer:

Abdul Mohammed
258 East Baily Road, Apt. C
Naperville, Illinois 60565

s/ Thomas Walsh

THOMAS P. WALSH
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5312
thomas.walsh2@usdoj.gov